**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANDRZEJ MADURA and
ANN DOLINSKA-MADURA,**

       **Plaintiffs,**

v.                                             **Case No. 8:06-cv-2073-T-24TBM**

**COUNTRYWIDE HOME LOANS, INC.,
and FULL SPECTRUM LENDING, INC.,**

       **Defendants.**

       _____/

**O R D E R**

THIS CAUSE is before the court the following motions and pleadings:[1]

(1)    **Defendants Countrywide's and Full Spectrum's Request for Judicial Notice** (Doc. 12) and supplements thereto (Docs. 16, 27), and Plaintiffs' responses (Docs. 25, 28);

(2)    **Defendants' Request for Oral Argument** (Doc. 13) and supplements thereto (Docs. 15, 26), and Plaintiffs' response (Doc. 20);

(3)    **Plaintiffs' Motion to Strike the Defendants' March 2, 2007, Certificate of Service and for Award Cost of Hand Delivery** (Doc. 21) and Defendants' response (Doc. 31);

(4)    **Plaintiffs' Motion for an Order Denying the Defendants' March 2, 2007, Requests for Oral Argument and Judicial Notice** (Doc. 24) and Defendants' responses (Docs. 29-30);

(5)    **Defendants' Motion for Leave to File a Reply Supporting Their Motion to Dismiss and, Alternatively, to Compel Arbitration** (Doc. 32);

---

[1] The Honorable Susan C. Bucklew has referred these matters for disposition. See (Doc. 41).

(6) **Plaintiffs' Opposition and Motion to Strike, Due to Defendants' Attempts to Commit Fraud Upon this Court, Defendants' 03/28/07 Three Responses: To Plaintiffs' 03/14/07 Motion to Strike Defendants' 02/02/07 Certificate of Service and to the Plaintiffs' 03/14/07 Motion for an Order Denying Defendants' Motions for Oral Argument and for Judicial Notice** (Doc. 33) and Defendants' response (Doc. 37); and

(7) **Plaintiffs' Motion for an Order Clarifying the March 15, 2007, Order and its Local Rule 3.05(c)(2)(B) in Connection to Meeting and Joint Filing the Case Management Report** (Doc. 34) and Defendants' response (Doc. 35).

A status conference was held on May 24, 2007, in which certain of these matters were addressed in brief. Upon careful consideration of the motions and pleadings presented, the court enters the following orders.

By their **Request for Judicial Notice** (Doc. 12), Defendants request the court to take judicial notice of the documents within the court files maintained by the (1) Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, in Madura v. Full Spectrum Lending, Inc., Case No. 02 CA 2358 Division D, (2) Second District Court of Appeal for the State of Florida in Madura v. Full Spectrum Lending, Inc., Case No. 2D02-3383, Dolinska-Madura v. Full Spectrum Lending, Inc., Case No. 2D05-4120, and Madura v. Full Spectrum Lending, Inc., Case No. 2D06-915, and (3) Florida Supreme Court in Dolinska-Madura v. Full Spectrum Lending, Inc., Case No. SC06-1908, and Madura v. Full Spectrum Lending, Inc., Case no. 06-999, and (4) United States Supreme Court in Madura v. Full Spectrum Lending, Inc., Case No. 03-6293. Plaintiffs urge the court to deny Defendants' motion and counter that the only state court documents necessary for ruling on Defendants' motion to dismiss are their original complaint and Mrs. Madura's amended complaint. Should the court be inclined to grant Defendants' request, Plaintiffs urge in the alternative that additional

documents must be judicially noticed as well.  See (Doc. 25 at 4).  Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants' request for judicial notice (Doc. 12) is GRANTED.[2]

By their **Request for Oral Argument** (Doc. 13), Defendants request that the court schedule their Motion to Dismiss or Alternatively, to Compel Arbitration (Doc. 12) for hearing.  Defendants urge that arguments on the matter would be beneficial, particularly given the duration of the related trial court and appellate proceedings spanning more than four and a half years.  Plaintiffs counter that the written pleadings are sufficient.  They also contend that they would be prejudiced if oral arguments were conducted because of their limited ability to speak and/or understand the English language.  (Doc. 20).  While I am not unsympathetic to Plaintiffs' asserted language barriers, I find that oral arguments on Defendants' motion (Doc. 12) would prove useful.  Accordingly, Defendants' request for such (Doc. 13) is GRANTED.  Oral arguments will be calendared by separate order.

In light of the above rulings, **Plaintiffs' Motion for an Order Denying the Defendants' March 2, 2007, Requests for Oral Argument and Judicial Notice** (Doc. 24)[3] is DENIED as moot, and **Defendants' Motion for Leave to File a Reply Supporting Their Motion to Dismiss and, Alternatively, to Compel Arbitration** (Doc. 32) is DENIED. Defendants may address the matters to which they wish to reply at the upcoming hearing.

---

[2]To the extent either party believes the court must consider other documents from these court records not submitted with the instant pleadings, copies of such relevant documents may be submitted as exhibits at the hearing on the motion to dismiss.

[3]To the extent that Plaintiffs complain that Defendants fail to comply with Local Rule 3.01(g) by failing to contact them prior to filing a motion, the court notes that Mr. Madura has on at least one occasion requested that all contact with Defendants be in writing.  Henceforth, all parties shall strictly comply with the court's local rules, including Rule 3.01(g).

By their **Motion to Strike the Defendants' March 2, 2007, Certificate of Service and for Award Cost of Hand Delivery** (Doc. 21), Plaintiffs seek an Order striking the certificate of service contained within Defendants' Motion to Dismiss, or in the Alternative, to Compel Arbitration (Doc. 12), Request for Oral Argument (Doc. 13), and Request for Judicial Notice (Docs. 11-13). As grounds, Plaintiffs assert that Defendants mailed these motions/pleadings after the date on which they were electronically filed and, as a result, the time within which Plaintiffs had to respond was shortened. Defendants counter that the three filings were placed in the mail on the same day the documents were electronically filed. (Doc. 31). Upon consideration, Plaintiffs' motion (Doc. 21) is DENIED. A fair reading of Plaintiffs' argument reveals certain fundamental misunderstandings pertaining to time computation and rules of service. Plaintiffs are advised to consult Rules 5 and 6 of the Federal Rules of Civil Procedure.[4] As a courtesy to both Plaintiffs and the court, however, Defendants may wish to resume express mailing or mailing prior to 5:00 p.m.

By their **Opposition and Motion to Strike, Due to Defendants' Attempts to Commit Fraud Upon this Court, Defendants' 03/28/07 Three Responses: To Plaintiffs' 03/14/07 Motion to Strike Defendants' 02/02/07 Certificate of Service and to the Plaintiffs' 03/14/07 Motion for an Order Denying Defendants' Motions for Oral Argument and for Judicial Notice** (Doc. 33), Plaintiffs seek an Order striking certain of Defendants' responses (Docs. 29-31) to their motions on the grounds that such were filed

---

[4]To this end, it is worth pointing out that under this court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases at II.A.1.h. (which is appended to the Local Rules), "for the purpose of computation of time pursuant to applicable rules, electronic service is service by mail."

4

untimely and without leave of court.  Review of the docket reveals that Defendants' responses were not untimely and therefore leave of court was not required prior to filing.  Accordingly, Plaintiffs' motion (Doc. 33) is DENIED.

Lastly, by their **Motion for an Order Clarifying the March 15, 2007, Order and its Local Rule 3.05(c)(2)(B) in Connection to Meeting and Joint Filing the Case Management Report** (Doc. 34), Plaintiffs seek an Order directing the parties to conduct this meeting in Bradenton, Florida, allowing them to file a unilateral case management report if a meeting does not take place, and awarding them the costs incurred by securing an interpreter for an April 10, 2007, telephone conference.  The motion (Doc. 34) is GRANTED in part.  As indicated at the status conference, the parties may conduct their Rule 26(b) conference/meeting by telephone on a date and time mutually agreed upon and Plaintiffs shall be responsible for securing an interpreter.  Plaintiffs' request that the conference occur at a specific location is denied as moot.  Plaintiffs' requests for sanctions and to file a unilateral case management report are denied.

In closing, the court notes that while it is mindful of the Plaintiffs pro se status, Plaintiffs are still subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure and this district's local rules.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Thus, in prosecuting this cause, Plaintiffs's pro se status does not excuse

them from abiding by the local and federal rules,[5] securing an interpreter if necessary, and appearing at duly noticed hearings.

      **Done and Ordered** in Tampa, Florida, this 29th day of May 2007.

                                        THOMAS B. McCOUN III
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[5] This includes conferring with opposing counsel prior to filing certain motions and indicating such in the motion. M.D. Fla. R. 301(g). Contrary to Plaintiffs' assertion, (Doc. 33 at 3), a telephone conversation satisfies this requirement.