**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANDRZEJ MADURA and**
**ANN DOLINSKA-MADURA,**

    **Plaintiffs,**

v.	Case No. 8:06-cv-2073-T-24TBM

**COUNTRYWIDE HOME LOANS, INC.,**
**and FULL SPECTRUM LENDING, INC.,**

    **Defendants.**
_____/

**O R D E R**

THIS CAUSE is before the court the following motions and pleadings:

(1) **Plaintiffs' Emergency Motion for Continuance the July 26, 2007, Hearing Set by This Court on Defendants' Motion to Dismiss and to Compel Mr. Madura Claims to Arbitration Until Plaintiffs Requests for Judicial Notice be Dosposed and Until Defendants would Fulfill its Obligation Pertaining to Requested Limited Discovery Concerning the Said Defendants Motion (Doc. 51) (sic)** (Doc. 55);

(2) **Plaintiffs' Motion to Compel Limited Discovery** (Doc. 56); and

(3) **Plaintiffs' Request for an Emergency Hearing** (Doc. 57).

Plaintiffs' certify that Defendants oppose the relief sought. See (Docs. 58-60). Defendants have not yet filed responses. Upon careful consideration of the motions and pleadings presented, the court finds that responses are not necessary and enters the following orders.

By their first motion (Doc. 55), Plaintiffs seek an order continuing the July 26, 2007, hearing on Defendants' motion to dismiss (Doc. 11). Alternatively, Plaintiffs seek rulings on their requests for judicial notice (Docs. 25, 50) and Defendants' motion for protective order

(Doc. 51).[1] Plaintiffs' motion (Doc. 55) is GRANTED to the extent that the court herein issues rulings on Plaintiffs' requests for judicial notice and Plaintiffs' motion to compel. In all other aspects, the motion is denied.

By their **Motion to Compel Limited Discovery** (Doc. 56), Plaintiffs seek an order compelling Defendants to respond to Plaintiffs' First Request for Production and First Request for Admissions, which were served on June 11, 2007. Plaintiffs contend these requests pertain to the issues raised in Defendants' motion to dismiss (Doc. 11), and are therefore appropriate at this stage of the litigation. Upon consideration, the motion (Doc. 56) is DENIED. While limited discovery may be appropriate if directed to issues necessary to resolve Defendants' motion (Doc. 11), review of the discovery requests at issue (Doc. 56 at 4-12) reveals that the requests are not so limited.

By their **Request for an Emergency Hearing** (Doc. 57), Plaintiffs request that the court schedule an emergency hearing prior to July 26, 2007, the date on which the court is conducting oral arguments on Defendants' motion to dismiss (Doc. 11). As grounds, Plaintiffs assert that a hearing is necessary for the court to address (1) Plaintiffs' requests for judicial notice (Docs. 25, 50), (2) Plaintiffs' motion to compel (Doc. 56), and (3) Defendants' motion for protective order (Doc. 51). Plaintiffs urge that they will be prejudiced without such a hearing. Upon consideration, the motion for an emergency hearing (Doc. 47) is DENIED.

---

[1] This motion (Doc. 51) is pending before the district judge.

As indicated above, the court has now ruled on Plaintiffs' motion to compel (Doc. 56). As for Plaintiffs' request(s) for judicial notice (Docs. 25, 50), the court previously advised the parties that judicial notice would be taken of the documents within the court files maintained by the (1) Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, in <u>Madura v. Full Spectrum Lending, Inc.</u>, Case No. 02 CA 2358 Division D, (2) Second District Court of Appeal for the State of Florida in <u>Madura v. Full Spectrum Lending, Inc.</u>, Case No. 2D02-3383, <u>Dolinska-Madura v. Full Spectrum Lending, Inc.</u>, Case No. 2D05-4120, and <u>Madura v. Full Spectrum Lending, Inc.</u>, Case No. 2D06-915, (3) Florida Supreme Court in <u>Dolinska-Madura v. Full Spectrum Lending, Inc.</u>, Case No. SC06-1908, and <u>Madura v. Full Spectrum Lending, Inc.</u>, Case no. 06-999, and (4) United States Supreme Court in <u>Madura v. Full Spectrum Lending, Inc.</u>, Case No. 03-6293. Accordingly, to the extent that Plaintiffs' request the court to judicially notice documents within such files (Docs. 25, 50), the requests are GRANTED.[2] In all other aspects, the requests are denied.

**Done and Ordered** in Tampa, Florida, this 11th day of July 2007.

/s/ Thomas B. McCoun III
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[2] The court has also advised the parties that they may submit copies of such relevant documents (not already submitted) at the hearing on the motion to dismiss.

3