UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and
ANNA DOLINSKA-MADURA

       Plaintiffs,

v.                                                         Case No. 8:06-cv-2073-T-24-TBM

COUNTRYWIDE HOME LOANS,
INC., and FULL SPECTRUM
LENDING, INC.,

       Defendants.
_____/

**O R D E R**

This cause comes before the Court for consideration on Defendants' Motion to Dismiss or, Alternatively, to Compel Arbitration (Doc. No. 11). This motion was considered by United States Magistrate Judge Thomas B. McCoun, III pursuant to an order of referral (Doc. No. 41). Magistrate Judge McCoun held a hearing on the motion on July 26, 2007, and thereafter filed his Report and Recommendation (Doc. No. 92). In the Report and Recommendation, Magistrate Judge McCoun recommended that Defendants Countrywide Home Loans, Inc. ("Countrywide") and Full Spectrum Lending, Inc.'s ("Full Spectrum") (jointly, "Defendants") motion be granted in part and denied in part. Magistrate Judge McCoun recommended that this Court deny Defendants' motion to the extent it urges dismissal for lack of subject matter jurisdiction, and grant the motion to the extent it seeks to compel Plaintiff Andrzej Madura to arbitrate all of his claims and dismiss his claims with prejudice. All parties were furnished copies of the Report

1

and Recommendation, and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Both parties filed objections to the Magistrate Judge's Report and Recommendation (Doc. Nos. 93 and 94), and each party responded to the other's objections (Doc. Nos. 96 and 95).

Plaintiffs Andrzej Madura ("Mr. Madura") and Anna Dolinska-Madura ("Mrs. Madura") (jointly, "Plaintiffs"), who are proceeding *pro se* in this case, make a number of objections to Magistrate Judge McCoun's Report and Recommendation. As an initial matter, the Court notes that Plaintiffs' arguments in support of their objections are difficult to understand. The Court will address each of Plaintiffs' objections in turn.

First, Plaintiffs object to part of the factual background section within the Magistrate Judge's Report and Recommendation. Specifically, Plaintiffs object to the statement that their state court complaint against Defendants made "allegations suggesting violations of . . . the federal Real Estate Settlement Procedures Act ("RESPA") in connection with the residential mortgage loan closing on July 26, 2000." (Doc. No. 92 at 4.) Plaintiffs argue that their state court complaint shows that they made no such allegations. The Court finds otherwise. In their state court complaint, Plaintiffs specifically alleged that Full Spectrum violated RESPA. (Doc. No. 12-3 at 5.) The Court finds that Magistrate Judge McCoun's statement is supported by the record, and declines to reject it.

Next, Plaintiffs object to footnote nine of the Magistrate Judge's Report and Recommendation, wherein Magistrate Judge McCoun states that:

> Although the matter cannot be reached in the present posture of the case, it is worth noting that on the conclusion above, Mrs. Dolinska-Madura's claims are appropriately addressed under principles of preclusion law and that it appears likely that all her claims may be barred by reason of the claim and issue-preclusive effects of the state court

judgment.

(Doc. No. 92 at 13, n. 9.)  Plaintiffs argue that Mrs. Madura's federal claims are not barred by the preclusion doctrine, and ask this Court to change the word "all" to "some," so that the relevant portion of the sentence would read " . . . and that it appears likely that *some* of her claims may be barred . . .."  The Court declines to effect such change.  Magistrate Judge McCoun's statement specifically, and correctly, notes that whether Mrs. Madura's claims are barred by the preclusion doctrine cannot be reached in the present posture of this case.  Moreover, Magistrate Judge McCoun's statement is not a holding in the instant case, but a footnoted suggestion.  Magistrate Judge McCoun is simply suggesting that it *appears* likely that Mrs. Madura's claims *may* be barred.

Next, Plaintiffs argue that Magistrate Judge McCoun abused his discretion before, during, and after the July 26, 2007 hearing on Defendants' motion to dismiss, and cite to a number of instances in which, according to Plaintiffs, Magistrate Judge McCoun made procedural errors in an abuse of discretion.  These instances include: (1) allowing oral argument on Defendants' motion to dismiss; (2) denying Plaintiffs' request for an evidentiary hearing; (3) entering the Report and Recommendation before the Court entered an order on Plaintiffs' motion to amend their complaint; (4) participating in the hearing in a manner evidencing his bias and judicial prejudice toward Plaintiffs; and (5) striking Plaintiffs' written responses/oral arguments.

As to the first instance, the Court finds that Plaintiffs' objection is without merit.  As to the second instance, the Court finds that denying Plaintiffs' request for an evidentiary hearing was not in error.  As to the third instance, the Court notes that Magistrate Judge McCoun's Report and Recommendation was not, as Plaintiffs contend, an "[o]rder compelling Mr. Madura

to arbitration and dismissing his claims with prejudice." To the contrary, this Court may adopt or reject the Report and Recommendation as it sees fit. As to the fourth instance, the Court, upon reviewing the transcript of the hearing, finds that Magistrate Judge McCoun was not biased or judicially prejudiced toward Plaintiffs. Rather, Magistrate Judge McCoun was simply being an active participant in the hearing and trying to help it move forward. As to the fifth instance, the Court finds that Magistrate Judge McCoun accepted Plaintiffs' written responses/oral arguments during the hearing as Court's Exhibits 1, 2, and 3. (Transcript of hearing at 49, 50, and 92). The Court finds that it was not an error for Magistrate Judge McCoun to strike Plaintiffs' written responses/oral arguments from the docket sheet, as they were filed in open court as exhibits to the hearing and considered by both the Magistrate Judge and this Court.

Next, Plaintiffs argue that the Magistrate Judge misinterpreted their arguments regarding Defendants' alternative motion to compel Mr. Madura to arbitrate. Magistrate Judge McCoun's Report and Recommendation summarizes Plaintiffs' arguments thusly:

> In response, Mr. Madura argues that the arbitration agreement he executed accompanied the original note and TILA documents ("the first contract" or the contract without a prepayment penalty). Because the Defendants allegedly destroyed the "first contract" and forged his signature and initials on a second note and TILA documents ("the second contract"), Mr. Madura contends that Defendants breached the "first contract" and therefore he cannot be held to the arbitration agreement signed in connection therewith.

(Doc. No. 92 at 14.) Plaintiffs contend that Mr. Madura's argument is not that Defendants breached the "first contract" and therefore he cannot be held to the arbitration agreement signed in connection with the "first contract," but that he is not bound to arbitrate the "second contract" because the "second contract" was allegedly forged and he cannot be held to the "second contract's" arbitration agreement. Plaintiffs argue that there are two contracts. The "first

4

contract" is the one which was signed by Mr. Madura at the June 2000 closing.  The "second contract" is the allegedly forged contract from the same June 2000 closing.  Plaintiffs assert that they are seeking rescission of the "second contract" due to its alleged forgery, and argue that Mr. Madura is not bound by its arbitration agreement.

      Plaintiffs' attempt to distinguish between a "first contract" and "second contract" is not persuasive.  There was one loan transaction, completed in June of 2000.  All of Plaintiffs' claims in both the state and federal court arise from that loan transaction, whether they are that the prepayment penalty was fraudulently induced or that the closing documents themselves were forged.  The Court agrees with the Magistrate Judge's finding that the arbitration agreement encompasses all of Mr. Madura's claims.

      Next, Plaintiffs argue that the Magistrate Judge erroneously defined "credit transaction." The crux of Plaintiffs' argument is essentially the same as their argument regarding the arbitration agreement.  To wit, that Mr. Madura only agreed to arbitrate claims pertaining to the credit transaction that was the "first contract," and not the allegedly forged "second contract." Again, the Court is not persuaded by Plaintiffs' arguments that there were two contracts or two credit transactions.  Plaintiffs are suing Defendants based on one loan transaction.  The Court finds Plaintiffs' theory that the forged documents constitute a separate "second contract" fatuous and illogical.

      Next, and finally, Plaintiffs take issue with footnote twelve of the Magistrate Judge's Report and Recommendation stating that "[t]he case law relied upon by Mr. Madura is factually inapposite." (Doc. No. 92 at 15.)  This footnote was in reference to Mr. Madura's argument that he should not be compelled to arbitration.  Mr. Madura argues that the case law upon which he

relied was relevant to the instant case's arbitration issue.  The Court disagrees, and affirms Magistrate Judge McCoun's finding that such case law is factually inapposite to the instant case.

Defendants only make one request regarding Magistrate Judge McCoun's Report and Recommendation.  They request that this Court modify the Magistrate Judge's recommendation to include a sixty (60) day time limit within which Mr. Madura must initiate arbitration with the National Arbitration Forum.  Defendants request that this Court reserve jurisdiction to either enter judgment following an arbitration decision or forever bar and dismiss Mr. Madura's claims if he fails to initiate arbitration within the sixty (60) day time period.  Upon consideration of Defendants' request and Plaintiffs' response thereto, the Court concludes that it will not impose a time limit within which Mr. Madura must initiate arbitration, but it will require Mr. Madura to arbitrate his claims, if he chooses to do so, before the National Arbitration Forum, as provided in the arbitration agreement.

For the reasons stated herein, upon consideration of the Report and Recommendation and the parties' objections thereto, and upon this Court's independent examination of the file, including the transcript of the hearing before the Magistrate Judge, it is determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED AND ADJUDGED** that

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 92) is adopted and incorporated by reference in this Order of the Court;

(2) Defendants' Motion to Dismiss or, Alternatively, to Compel Arbitration (Doc. No. 11) is **GRANTED IN PART AND DENIED IN PART**.  The motion is denied to the extent that it urges dismissal for lack of subject

matter jurisdiction, and granted to the extent that it seeks to compel Mr. Madura to arbitrate all of his claims and dismiss his claims in favor of arbitration;

(3)   Plaintiff Andrzej Madura is ordered to bring his claims before the National Arbitration forum if he chooses to pursue them; and

(4)   Plaintiff Andrzej Madura's claims against Defendants are dismissed in favor of arbitration. Only Plaintiff Anna Dolinska-Madura's claims remain.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of December, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Thomas B. McCoun, III
Pro Se Plaintiffs
Counsel of Record