**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDRZEJ MADURA and
ANNA DOLINSKA-MADURA,

      Plaintiffs,

v.                                             Case No. 8:06-cv-2073-T-24TBM

COUNTRYWIDE HOME LOANS, INC.,
and FULL SPECTRUM LENDING, INC.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the Affidavits of Indigency (Docs. 124-25) filed by both Plaintiffs, which the court construes as motions for leave to proceed *in forma pauperis* on appeal. Plaintiffs seek to appeal the district court's Orders dismissing Mr. Madura's claims in favor of arbitration (Doc. 106) and denying their motion for leave to file an amended complaint (Doc. 107). *See* (Docs. 123-25). For the reasons set forth below, Plaintiffs' motions (Docs. 124-25) should be denied.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> **(B)** claims an entitlement to redress; and
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a). Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> ***
> an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious. *Id.* at (e)(2)(A), (B). Thus, two requirements must be satisfied for a

2

party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay, and (2) the appeal must be brought in good faith.

Plaintiffs' motions (Docs. 124-25) to proceed upon appeal *in forma pauperis* should be denied on both grounds. First, although the undersigned granted Plaintiffs' motions to proceed without prepayment of fees upon filing suit, *see* (Doc. 5), Plaintiffs' instant affidavits reveal that their financial status has changed somewhat since that time. In November 2006, Plaintiffs attested that they had just under $14,000 in equity in their home. *See* (Docs. 2-3). On their instant motions, however, Plaintiffs attest that the equity in their home is almost $50,000. *See* (Docs. 124-25). The difference is significant. Given the amount of equity at present that Plaintiffs have in their home, I find that Plaintiffs allegations of poverty are no longer accurate. Thus, Plaintiffs' instant motions (Docs. 124-25) should be denied on this ground.[1]

Plaintiffs' motions (Docs. 124-25) also should be denied on substantive grounds. To the extent that Plaintiffs seek to appeal the district judge's Order (Doc. 107) denying their motion for leave to file an amended complaint,[2] such an order is not immediately appealable.

---

[1] It is worth noting that the Affidavits of Indigency Plaintiffs submit are not as comprehensive as that set forth in Form 4 of the Appendix of Forms. *Compare* (Docs. 124-25) *with* Fed. R. App. P. Form 4.

[2] By Order dated December 10, 2007, the district judge denied the motion as moot with regards to Mr. Madura given that his claims had been dismissed in favor of arbitration. Even assuming that his claims had not yet been dismissed, the district judge concluded that the result would be the same because Mr. Madura's proposed amended complaint would also have been encompassed by the arbitration agreement and such would have been dismissed in favor of arbitration. The district judge denied the motion on grounds of futility with regards to Mrs. Dolinska-Madura. (Doc. 107).

3

An order of the district court is appealable if it is a final decision. *See* 28 U.S.C. § 1291 (courts of appeals shall have jurisdiction of appeals from all *final decisions* of districts courts). The decision to deny Plaintiffs' leave to amend is not a final decision. A decision is final within the meaning of § 1291 where it ". . . ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (quoting *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983)); *see Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (holding that it was without jurisdiction to review denial of motion to amend where district court had not ruled on underlying action); *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1555 (11th Cir. 1984) (noting that an order denying leave to amend a complaint is ordinarily a non-appealable interlocutory order). Accordingly, Plaintiffs' instant motions (Docs. 124-25) should be denied on this ground.[3]

Finally, Plaintiffs' motions (Docs. 124-25) also should be denied to the extent that they seek to appeal the district judge's Order (Doc. 106) dismissing Mr. Madura's claims in favor of arbitration.[4] Mrs. Madura's motion (Doc. 125) should be denied because she does not have standing to appeal the Order. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1354 (11th

---

[3]An order of the district court also is appealable if it falls within one of a special class of interlocutory orders. *See* 28 U.S.C. § 1292 (courts of appeals shall have jurisdiction of appeals from certain enumerated interlocutory orders of the district courts). Such circumstances are not present here and Plaintiffs do not contend otherwise.

[4]By Order dated December 7, 2007, the district judge granted Defendants' motion to dismiss, or alternatively, to compel arbitration (Doc. 11) to the extent that it sought to compel Mr. Madura to arbitrate all of his claims and dismiss his claims in favor of arbitration. (Doc. 106). The motion was denied to the extent that it sought dismissal of the claims asserted by Mrs. Dolinska-Madura. *See id.*

Cir. 2003) (recognizing the principle that only a litigant who is aggrieved by an order may appeal). Mr. Madura's motion (Doc. 124) presents a somewhat more difficult question. Initially, it is noted that the district court's Order dismissing his claims in favor of arbitration is a final appealable decision. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86-87 (2000); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316-17 (11th Cir. 2005); *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005); *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1321-22 (11th Cir. 2001). Nonetheless, I find that the motion (Doc. 124) was not brought in good faith. Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla.1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless."[5] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Mr. Madura has not proffered his legal theory as to how the district court erred in dismissing his claims in favor of arbitration. Given that all of his claims are undoubtedly encompassed in the arbitration agreement, I am unable to ascertain any good faith basis of his appeal.

Accordingly, for the reasons set forth above, it is RECOMMENDED that the court DENY Plaintiffs' motions for leave to proceed *in forma pauperis* on appeal (Docs.124-25) and, if deemed necessary, certify that the appeals are not taken in good faith. It is

---

[5] On the other hand, where an issue or claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 515 (11th Cir. 1991). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

RECOMMENDED further that the court direct the Clerk to notify the Court of Appeals of the above rulings in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

          Respectfully submitted on this
          10th day of January 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record
Pro se Plaintiffs