UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and
ANNA DOLINSKA-MADURA,

       Plaintiffs,

v.                                   Case No.  8:06-cv-2073-T-24-TBM

COUNTRYWIDE HOME LOANS,
INC., and FULL SPECTRUM
LENDING, INC.,

       Defendants.

_____/

**O R D E R**

This cause comes before the Court on Defendant's Motion to Strike Jury Demand.  (Doc.

No. 119.)  Plaintiff Anna Dolinska-Madura has filed a response in opposition.  (Doc. No. 134.)

Defendants base their argument on the mortgage that Mrs. Madura co-signed, which

contained a jury trial waiver provision in the last numbered paragraph before the signature page

of the eleven page mortgage document.  The jury trial waiver provision, which is found at the

end of page ten of the mortgage, provides:

> 25.  Jury Trial Waiver.  The Borrower hereby waives any right to a trial by jury in
> any action, proceeding, claim, or counterclaim, whether in contract or tort, at law
> or in equity, arising out of or in any way related to this Security Instrument or the
> Note.

(Doc. No. 119-2).  Additionally, the mortgage defines the term, "Borrower," to include Mrs.

Madura.

In response, Mrs. Madura argues that Defendants have waived their right to enforce the

jury trial waiver provision by waiting more than fourteen and a half months to enforce it.  In

support of this argument, Mrs. Madura cites Coleman v. Lazy Days RV Center, Inc., 2007 WL

2696789 (M.D. Fla. Sept. 12, 2007).  In Coleman, the court found that due to the defendant

2

waiting more than two years to move to strike the jury trial demand, the defendant waived its

right to enforce the jury trial waiver provision.  See id. at *2.  In the instant case, not only did

Defendants wait for more than a year before seeking to enforce the jury trial waiver provision,

but they also indicated on their case management report (Doc. No. 52) that Plaintiffs demanded a

jury trial (and they did not indicate their objection thereto) and they failed to object to the

Court's scheduling orders setting this case for a jury trial (Doc. No. 79, 91), the first of which

was filed on July 31, 2007.  Given their length of delay in seeking to enforce the jury trial waiver

provision, the Court finds that Defendants have waived their right to enforce it.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Strike Jury

Demand (Doc. No. 119) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of January, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiffs
Counsel of Record

2