UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and
ANNA DOLINSKA-MADURA,

     Plaintiffs,

v.                                                          Case No. 8:06-cv-2073-T-24TBM

COUNTRYWIDE HOME LOANS,
INC. and FULL SPECTRUM
LENDING, INC.,

     Defendants.

_____/

## O R D E R

This cause comes before the Court on two of Plaintiffs' motions: a Motion for Leave to

File Second Amended Complaint (Doc. No. 114), and a Motion for Leave to Assert Punitive

Damages (Doc. No. 105).  Defendants have filed responses in opposition (Doc. Nos. 139 and

120).  The Court will address each motion.

**I.**      **Background**

   On November 6, 2006, Plaintiffs Andrzej Madura and Anna Dolinska-Madura brought

this suit against Defendants, alleging a fraudulent course of conduct by Defendants in connection

with a July 2000 mortgage loan.  This loan transaction was also the subject of a state court action

brought by Plaintiffs against Defendants.  (Doc. No. 92).

On July 26, 2000, Defendant Full Spectrum Lending, Inc. ("Full Spectrum) made a loan

to Mr. Madura, secured by a home owned by both Mr. and Mrs. Madura.[1]  (Doc. No. 1-3, p. 44-46; Doc. No. 119-2).  Thereafter, Full Spectrum assigned the loan to Defendant Countrywide Home Loans, Inc. ("Countrywide").

In March of 2001, Plaintiffs requested a payoff statement from Countrywide.  The payoff statement included a prepayment penalty.  Plaintiffs disputed the prepayment penalty, arguing that the adjustable rate note and Truth in Lending Act ("TILA") document did not include a prepayment penalty.  Plaintiffs obtained a copy of the note and TILA document, both of which included a prepayment penalty.  Plaintiffs contend that Mr. Madura's initials were forged on the documents and that the loan officer's signature was fraudulently added as a witness to the closing.  Countrywide's vice president reviewed the documents and informed Plaintiffs that even though the documents appeared proper, he would waive the prepayment penalty.

Despite Countrywide's agreement to waive the prepayment penalty, Plaintiffs filed suit in state court.  The state court found that all of Mr. Madura's claims against Defendants were encompassed by the arbitration agreement that he signed in connection with the mortgage loan.  As such, the state court granted Defendants' motion to compel arbitration of Mr. Madura's claims.  (Doc. No. 12-6).  Mr. Madura did not pursue arbitration.

With regard to Mrs. Madura's claims, the state court found that her TILA claims based on the prepayment penalty and forgery were time-barred by the statute of limitations.  The state court found that Mrs. Madura did not have standing to pursue her usury claims, because she was not a borrower on the loan.  Finally, with respect to her forgery and fraud claims relating to the

---

[1]The state court found that Mrs. Madura was not a borrower under the loan.  (Doc. No. 12-15).

2

alleged addition of the prepayment penalty, the state court found that Mrs. Madura could not show that she suffered any damages, because Defendant waived the prepayment penalty.

Apparently unsatisfied with the state court rulings, Plaintiffs filed the instant lawsuit. In their original federal complaint, Plaintiffs assert nineteen counts. In Counts I through V, VIII, XI, XIII, XIV, XVIII, XIX, Plaintiffs seek rescission of the loan transaction and statutory damages for alleged violations of TILA. In Counts VI, VII, IX, X, XII, XV, XVI, and XVII, Plaintiffs seek rescission and such damages as may be awarded on state law claims for failure of contract, forgery, fraud, fraud in the inducement, usury, uttering forged bills, and violation of the Florida Communications Fraud Act.[2]

In response to the federal complaint, Defendants filed a motion to dismiss or to compel arbitration. This Court granted the motion to the extent that it compelled Mr. Madura to arbitrate all of his claims against Defendants, pursuant to an arbitration agreement he signed in connection with the mortgage loan. (Doc. No. 92, 106). Therefore, only Mrs. Madura's claims remain pending before this Court.

## II.   Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority,

---

[2]A chart illustrating the violations/counts alleged by Plaintiffs in both the state and federal proceedings can be found at document number 92, pages 17 to 20.

875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Plaintiffs request leave to amend so that they can add claims for: (1) spoilation of evidence, (2) ruining Plaintiffs' credit, (3) rescission based on the alleged fraudulent notarization and alleged false date on the loan application, (4) violation of TILA regarding a courier charge, (5) violation of Florida's RICO statutes, (6) violation of The Florida Communications Fraud Act, and (7) uttering.  For the reasons provided herein, the Court denies the motion.

The Court notes at the outset that this case has been pending for over fourteen months. The Court entered its initial scheduling order on July 31, 2007.  (Doc. No. 79).  Under Local Rule 3.05(c) and under the terms of the Court's scheduling order, motions to amend pleadings are disfavored after the Court has entered its scheduling order.  Furthermore, since the discovery deadline was January 31, 2008, these amendments will prejudice Defendants to the extent that they would not have any time to investigate the new claims.

The Court has already found that all of Mr. Madura's claims related to the mortgage loan transaction were required to be arbitrated pursuant to the arbitration agreement that he signed.  It appears that Mr. Madura is attempting to get around this Court's ruling by amending the complaint to allege that he was fraudulently induced into entering the arbitration agreement in July of 2000.[3]  The Court finds that there has been undue delay by Mr. Madura in asserting his new allegation of fraud in the inducement relating specifically to the arbitration agreement.  Mr. Madura has been litigating the arbitrability of his claims in state court and in this Court for several years, and both courts have found that his claims are arbitrable.  Seven and a half years

---

[3] Mr. Madura signed two agreements to arbitrate in July of 2000.  (Doc. No. 12-5, at 13-16).

have passed since he signed the arbitration agreement, and any allegations of fraud in the inducement relating specifically to the arbitration agreement should have been asserted earlier. As such, the Court denies the motion to amend with respect to Mr. Madura.

With regards to Mrs. Madura's proposed claims, it appears that some of the claims may be barred by res judicata due to the state court's adverse judgment:

> Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action.  Res judicata may be properly applied only if certain prerequisites are met.  In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft, 244 F.3d 1289, 1296 (11th Cir. 2001)(internal and external citations omitted).

To the extent that Mrs. Madura's proposed claims involve the same causes of action as the state court claims she asserted against Defendants, on which summary judgment was granted in Defendants' favor by the state court, such claims are barred by res judicata.  "[C]laims are part of the same cause of action for res judicata purposes when they arise out of the same transaction or series of transactions."  Id. at 1296-97 (citations omitted).  In general, if the current claim arises out of the same nucleus of operative fact as the prior adjudicated claim, or is based upon the same factual predicate, the two claims are really the same claim or cause or action for purposes of res judicata.  See id. at 1297.

However, res judicata only applies to claims that could have been brought in the prior suit, and as such, res judicata only applies to claims that are in existence at the time the original suit was filed.  See id. at 1299 (citations omitted).  Thus, to the extent that Mrs. Madura's

5

proposed claims are based on the July 2000 loan transaction and could have been brought in the prior state court action, those claims are barred by res judicata.

Additionally, with regard to Mrs. Madura's spoilation of evidence claim, the Court finds that amendment is unnecessary. Instead, the Court finds that "the issue of spoilation can be better resolved, if necessary, through the use of litigation sanctions, adverse inferences and other means within the Court's authority." James v. U.S. Airways, Inc., 375 F. Supp.2d 1352, 1355 (M.D. Fla. 2005).

Likewise, the Court finds that allowing an amendment so Mrs. Madura can assert a claim that Defendants ruined her credit is not warranted, because such amendment would be futile. Since Mrs. Madura is not a borrower on the loan, any failure to repay the loan that is reported to a credit agency cannot affect her credit. As such, she lacks standing to assert such a claim.

With regard to Mrs. Madura's rescission claim based on the alleged fraudulent notarization and alleged false date on the loan application, the Court finds amendment would be futile. This claim is barred by Florida Statute § 95.11(3)(j), which sets a four-year statute of limitations period for fraud claims. Since the loan at issue occurred in 2000 and this case was filed in 2006, the proposed fraud claim is barred.

Likewise, allowing Mrs. Madura to amend to add her proposed claim alleging a violation of TILA regarding a courier charge would be futile, because such a claim is time-barred. A claim for damages is barred by 15 U.S.C. § 1640(e), which sets a one-year statute of limitations period for TILA claims. Pursuant to § 1635(f), the remedy of rescission under § 1635 "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

With regard to Mrs. Madura's RICO claim, the Court finds that she unduly delayed moving to amend her complaint to add such claim.  Mrs. Madura filed the instant motion approximately one month before the close of discovery.  She cites to various events that occurred at the closing, after the closing, and during the state court proceedings as grounds for allowing the addition of a RICO claim.  This information was available to Mrs. Madura at the time the original complaint was filed, and she offers no justification for the failure to assert a RICO claim in her original complaint.  To the extent the proposed RICO claim is based on events that occurred during the litigation in this Court, it appears that the most recent event occurred seven months before Mrs. Madura moved to amend her complaint.  Again, Mrs. Madura offers no justification for the failure to promptly seek leave to file an amended complaint.

With regard to the proposed claim for the alleged violation of The Florida Communications Fraud Act ("FCFA"), the Court finds that amendment would be futile.  Mrs. Madura is attempting to amend this claim in order to add the allegation that this statute was violated by the mailing of certain documents in April and May of 2007.  (Doc. No. 114-2, Ex. T at p. 99-103).

Pursuant to Florida Statute § 817.034(4), the FCFA is violated when a person engages in a scheme to defraud and obtains property as a result.[4]  The documents Mrs. Madura is referring to appears to be a Notice of Default and Acceleration regarding the July 2000 loan, which was sent to Mr. Madura from Countrywide.  (Doc. No. 114-2, Ex. T at p. 99-103).  The crux of the alleged scheme to defraud is the allegation that Defendants fraudulently added the prepayment

---

[4]Florida Statutes, Chapter 772 provides a civil remedy for the criminal practice of violating the FCFA.

7

penalty.  The 2007 documents referred to in the proposed amended complaint do not include a prepayment penalty.  In fact, Mrs. Madura attaches to her proposed amended complaint a letter from Countrywide stating that it was waiving the prepayment penalty.  (Doc. No. 114-2, p. 62).  As such, the proposed amendment to include the allegations regarding the documents is futile, as it does not appear that the mailing of the documents supports a claim that the FCFA was violated.

With regard to the proposed claim for uttering, it appears that Mrs. Madura is adding the allegation that Countrywide violated Florida Statute § 831.02 and § 831.09 in May of 2007, in addition to the dates alleged in the original complaint.[5]  The Court finds that Mrs. Madura unduly delayed in moving to amend her claim for uttering.  Mrs. Madura alleges that the most recent uttering occurred in May of 2007, but yet did not file the instant motion until almost seven months later.  Additionally, Mrs. Madura offers no justification for waiting until one month before the close of discovery to move to amend her complaint.

## IV.   Motion to Assert Punitive Damages Claim

Plaintiffs seek to assert a claim for punitive damages.  At the outset, the Court notes that Plaintiffs failed to assert a punitive damages claim in her original complaint.  As such, the instant motion shall be reviewed under Rule 15(a) of the Federal Rules of Civil Procedure, which governs amending complaints.

The Court finds that there has been undue delay in Plaintiffs' seeking to add a claim for punitive damages.  Plaintiffs cite to events that occurred during the closing (in July of 2000) and during the state court action as grounds for allowing the addition of a punitive damages claim.

---

[5]Florida Statutes, Chapter 772 provides a civil remedy for violations of Chapter 831.

Thus, the information supporting the claim for punitive damages was available at the time the complaint was filed.  Plaintiffs offer no justification for the failure to assert a claim for punitive damages in their original complaint.  To the extent that the proposed amendment is based on "new admissible evidence giving an additional reasonable basis for the recovery of punitive damages claims," as Plaintiffs allege, the Court is not persuaded that such evidence justifies their undue delay in filing the motion for leave to assert a claim for punitive damages.  Accordingly, the Court denies the motion.

**V.**     **Conclusion**

(1)     Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 114) is **DENIED**; and

(2)     Plaintiffs' Motion for Leave to Assert Punitive Damages Claim (Doc. No. 105) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiffs
Counsel of Record

9